[Cite as *State v. Manning*, 2025-Ohio-2268.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| WESLEY MANNING, | : | Case No. 2024CA00177 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Alliance Municipal
Court, Stark County, Ohio, Case No.
2020-CRB-00167

JUDGMENT: Affirmed

DATE OF JUDGMENT: June 27, 2025

APPEARANCES:

For Plaintiff-Appellee

ANGEL RUHL
ALLIANCE CITY PROSECUTOR
470 East Market Street
Alliance, OH 44601

For Defendant-Appellant

AARON KOVALCHIK
116 Cleveland Ave., NW
Suite 808
Canton, OH 44702

*Montgomery, J.*

**{¶1}** Defendant-Appellant ("Appellant") Wesley Manning appeals from the Alliance Municipal Court, Stark County, Ohio, decision to remove him from a theft diversion program in 2020 and subsequently deny him readmission into the program in 2024, after he pled "no contest" to the charge of criminal mischief. For the following reasons, we affirm.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On February 3, 2020, Appellant was arraigned on one count of theft. On March 18, 2020, Appellant was accepted into the theft diversion program through the Alliance Municipal Court, Stark County, Ohio. A review for program compliance was initially set for June 19, 2020, but was reset to September 25, 2020, given the then existing Covid-19 response protocols. Appellant was required to complete the program, including a 10-hour online theft prevention course, before September 25, 2020.

**{¶3}** On September 25, 2020, Appellant did not appear for the hearing and did not provide proof of program completion. That same day, the court noted that it would give Appellant one final two-week extension of time, until October 9, 2020, and if he remained not fully compliant, the court would remove him from the program. See *Tr.* 8/7/24, p. 4. On October 9, 2020, although Appellant's counsel informed the court that Appellant did complete the program, counsel did not have proof of completion. *Tr.* at pp. 4-5. As a result, the court removed Appellant from the program. The court set a pre-trial date for October 30, 2020. Appellant failed to appear on October 30, 2020. The court issued a bench warrant for his failure to appear and set bond at $5,000.00. For nearly four years, Appellant did not follow up with the court or otherwise attempt to appear.

Appellant was apparently living in New York most of that time and ultimately learned in mid-2024 that his warrant remained outstanding.

**{¶4}** On June 7, 2024, Appellant, by and through his counsel Andrew Zumbar, filed a Motion to Seal Appellant's record and to re-accept Appellant into the diversion program. On July 16, 2024, Appellant's motion was denied. In its Entry, the court stated that Appellant simply failed to comply with the terms of the program and did not submit his certificate of compliance until four years after the fact. On August 7, 2024, Appellant appeared before the court with counsel for his arraignment, and counsel renewed his Motion to readmit Appellant to diversion. The court denied the Motion, stating "I set forth my reasons abundantly clear. Four years is long enough to wait for him." *Tr.* 8/7/24, pp. 5-6. After further discussion, the matter was set for pretrial for September 4, 2024.

**{¶5}** Eventually and as the result of discussions between Appellant's counsel and the State, on October 14, 2024, the State agreed to amend the original charge of theft to one count of criminal mischief, a fourth-degree misdemeanor. Appellant agreed to plead "no contest" and the court found him guilty of same. That same day, the court sentenced Appellant to 30 days in jail (27 suspended), with the option to serve 60 hours of community service in lieu of 3 days jail time. The court required Appellant to complete his community service before January 31, 2025. Appellant timely provided evidence of his completion of community service. Appellant timely filed this appeal.

### ASSIGNMENT OF ERROR

**{¶6}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REMOVED APPELLANT FROM THE DIVERSION PROGRAM."

**STANDARD OF REVIEW**

**{¶7}** "Generally, an appellate court will not overturn the sentence imposed on a misdemeanor offender absent an abuse of discretion by the trial court." In *Adams*, the Ohio Supreme Court stated that the term abuse-of-discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157–158 (1980); *State v. Horton*, 2017-Ohio-8549, ¶ 36 (10th Dist.); *State v. Jenkins,* 15 Ohio St.3d 164, 222 (1984) (An abuse of discretion implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable.") Under the facts in this case, we conclude the trial court did not abuse its discretion.

**ANALYSIS**

**{¶8}** Although Appellant does not appeal his misdemeanor sentence *per se and* instead argues that he should not have been removed from diversion and/or should have been readmitted, it provides clarity to review the applicable sentence provisions. R.C. 2929.21 *et seq*. governs penalties for misdemeanor offenses. R.C. 2929.21 establishes the overriding purposes of misdemeanor sentencing, with subsection (A) stating: "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(B) provides:

A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders. (*Will you check this to make sure it's the exact language?)

{¶9} Further, unless jail time is mandatory for a misdemeanor offense, a court that imposes a sentence upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing. *Horton*, ¶ 38, citing R.C. 2929.22(A). Subsection (B) establishes factors a trial court is required to consider in determining the appropriate sentence for a misdemeanor. *See* R.C. 2929.22(B)(1) and (2). Further, R.C. 2929.22(C) generally requires a trial court to consider the appropriateness of imposing a community control sanction or a combination of community control sanctions before imposing a jail term.

{¶10} Here, Appellant claims the trial court abused its discretion in removing him from the diversion program in 2020 and then failing to readmit him into the program in 2024, because at the October 9, 2020, hearing counsel informed the court that Appellant fully completed the program. Appellant further claims the court did not consider the fact that since 2020, he has remained a law-abiding citizen. Additionally, Appellant believes that because COVID restrictions were in place in 2020, it was not unreasonable for the delay in getting his completion certificate to either his trial counsel or the trial court.

{¶11} Contrary to Appellant's arguments, we find that the court gave Appellant ample opportunity to appropriately handle this matter from the beginning. As fully set forth above, the trial court initially allowed Appellant admission into the theft diversion program rather than imposing any jail time or any other sanction. The court gave Appellant nearly seven months to complete the program and provide proof of completion. When Appellant failed to provide the requisite proof at the initial deadline of September 25, 2020, the court offered him a two-week extension, until October 9, 2020. The court also gave counsel a warning that Appellant would be removed from the program if the terms were not fully complied with by the hearing on October 9, 2020. Once again, however, Appellant did not appear before the court and did not provide proof of completion.

{¶12} Under these circumstances, and in conjunction with the above purposes of sentencing for misdemeanors, the decision to both remove Appellant from the program in 2020, and later deny him readmittance was not unreasonable, arbitrary or capricious. Appellant clearly did not take the matter seriously. Indeed, he failed to appear before the court for nearly 4 years since the time of the initial theft charge. Such failure to address the matter appropriately from the beginning is not the court's fault; it is Appellant's. The court was abundantly clear as to its reasons for denying readmittance in its Judgment Entry and the frustration with Appellant was likewise made clear at the August 7, 2024, arraignment hearing. Counsel stated that it was his understanding that Appellant could simply do ten days of civic improvement, and the court replied:

THE COURT: That would have been available to him had he been a first time offender and had he addressed this matter appropriately at the

beginning.  He chose not to do so.  So the Court is disinclined to give the alternative of ten days CIP.  Do you want me to go through the record and put the facts on the record pursuant to the clear status of this case or just allow the matter to stand as indicated?

ATTY. PALUMBO:   Allow the matter to stand.

THE COURT: Alright and the Court record speaks for itself.  You know as well as I do it's been four years since he set forth in this courtroom.

ATTY. PALUMBO: I understand that.  It is accurate Your Honor.

*Tr.* at p. 6.

**{¶13}**  Subsequently, as the result of discussions with the State, Appellant decided to plead no contest to the amended lesser charge of criminal mischief rather than the original charge of theft.  The court imposed 30 days jail time with 27 days suspended and allowed Appellant to perform community service in lieu of the 3 days in jail.  The court even agreed that Appellant could perform such community service in New York where he was living so he would not be further inconvenienced in having to come to Ohio.  In the final analysis, the court afforded Appellant every leniency that Appellant deserved.  There is simply no evidence that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  Thus, Appellant's assignment of error is overruled.

## CONCLUSION

{¶14} Appellant's sole assignment of error is overruled, and the judgment of the Alliance Municipal Court, Stark County, Ohio is affirmed.

By: Montgomery, J.

Baldwin, P.J. and

Popham, J. concur.